IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOHN BYRD,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | CV-08-BE-173-S |
| **TRAMMELL CROW COMPANY,** ] | |
| ] | |
| **Defendant.** ] | |
| ] | |

**MEMORANDUM OPINION AND FINAL ORDER**

This case comes before the court on "Defendant Trammell Crow Company's Motion for Summary Judgment" (doc. 21). The parties have fully briefed the summary judgment motion, and the court held a hearing on the motions on April 23, 2009.

Plaintiff John Byrd asserts that Defendant Trammell Crow discriminated against him with respect to hiring, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621-634. For the reasons stated on the record at the hearing and summarized here, the Defendant's motion for summary judgment (doc. 21) will be GRANTED.

Plaintiff Byrd alleges that Defendant Trammell Crow discriminated against him by failing to hire him based on his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621-634. To establish a prima facie case for failure to hire based on age, a plaintiff must demonstrate: (1) that he was a member of the protected group of persons between the ages of forty and seventy; (2) that he was subjected to an adverse employment action; (3) that a substantially younger person filled the position that he sought or from which he was discharged; and, (4) that he was qualified to do the job for which he was rejected. *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir. 1998). At the hearing, the parties assumed, *arguendo*,

that Plaintiff could establish a prima facie case of age discrimination.

Once the plaintiff establishes his prima facie case, "[t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Defendant asserts that it did not hire Plaintiff, because Plaintiff was less qualified than the other applicants and because its client, for whom Plaintiff had worked for over 27 years, specifically recommended that Defendant not hire Plaintiff. The court finds that Defendant carried its burden to articulate legitimate, nondiscriminatory reasons for not hiring Plaintiff.

Once the employer shows a legitimate, nondiscriminatory reason for its decision, the employee must "be afforded a fair opportunity to show that [the employer's] stated reason . . . was in fact pretext." *McDonnell Douglas*, 411 U.S. at 804. To survive summary judgment, the employee must show "such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Cooper v. Southern Co.*, 390 F.3d 695, 725 (11th Cir. 2004). "[F]ederal courts do not sit as a super-personnel department that reexamines an entity's business decisions . . . . Rather our inquiry is limited to whether the employer gave an honest explanation of its behavior." *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000) (internal quotation marks omitted).

In the failure to hire context, "[a] plaintiff cannot prove pretext by simply arguing or even by showing that he was better qualified than the [person] who received the position he coveted." *Brooks v. County Com'n of Jefferson County, Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006). "[A] plaintiff must show that the disparities between the successful applicant's and his own qualifications were 'of such weight and significance that no reasonable person, in the exercise of

impartial judgment, could have chosen the candidate selected over the plaintiff.'" *Springer v. Convergys Customer Mgmt. Group Inc.*, 509 F.3d 1344, 1349 (11th Cir. 2007) (quoting *Cooper*, 390 F.3d at 732).

Plaintiff asserts that he was qualified for the position, based on the high scores he received on the Defendant's "Needs Analysis" form. Plaintiff also asserts that Defendant's proffered reasons are "unworthy of credence," because the Defendant specifically asked Plaintiff's age during his interview and then failed to hire the two oldest applicants. Nevertheless, Defendant relied on the advice of its client not to hire Plaintiff, a business decision the court shall not second guess. Though the court notes the taboo of specifically asking an applicant his age, the court finds that Plaintiff has failed to sufficiently show that the Defendant's legitimate, nondiscriminatory reasons are pretextual.

The court, therefore, GRANTS the Defendant's motion for summary judgment. Plaintiff's case is DISMISSED WITH PREJUDICE. Costs taxed as paid.

DATED this 28th day of April, 2009.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE